UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WAYNE M. ROUSSEAU | * | CIVIL ACTION |
| | * | NO. 02-0208 |
| VERSUS | | |
| | * | SECTION "R" |
| | | JUDGE SARAH S. VANCE |
| 3 EAGLES AVIATION, INC. | * | |
| | | MAGISTRATE DIVISION 5 |
| * * * * * * * * | | MAGISTRATE ALMA L. CHASEZ |

## GARNISHMENT INTERROGATORIES

**US MARSHAL TO SERVE:**

Citigroup Global Markets, Inc. formerly known as
Salomon Smith Barney, Inc.
Through Its Agent for Service of Process
CT Corporation Systems
8550 United Plaza Blvd.
Baton Rouge, Louisiana 70809

**NOW INTO COURT**, through undersigned counsel, comes 3 Eagles Aviation, Inc. ("3 Eagles), judgment creditor in the above- captioned matter, who pursuant to Articles 2411 through 2417 of the Louisiana Code of Civil Procedure incorporated by Fed. R. Civ. P. 69(a), hereby propounds the following Interrogatories concerning the judgment debtor, Wayne M. Rousseau, to be answered by garnishee, Citigroup Global Markets, Inc. formerly known as Salomon Smith Barney, Inc., within fifteen (15) days of the date of service, in accordance with the following instructions:

## 1. DEFINITIONS

The following definitions shall apply to the following terms found in these Interrogatories. Read these definitions carefully prior to answering.

1. "Citigroup," "you" and "your" shall mean, Citigroup Global Markets, Inc. formerly known as Salomon Smith Barney, Inc. and any of its branch offices, divisions, departments, agents, employees, officers, directors, and representatives.

2. "Judgment Debtor" shall mean Wayne M. Rousseau, Social Security Number 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.

3. "Security" shall mean any bond, debenture, note or certificate or other evidence of indebtedness, issued by a corporation with interest coupons or in registered form share(s) of stock, voting trust certificate(s), treasury shares, income fund(s), mutual funds, or any certificate of interest or participation in, certificate of deposit or receipt for, temporary or interim certificate for, or warrant or right to subscribe to or purchase, any of the foregoing; negotiable instrument(s); or money.

## II. PRIVILEGE

Should you refuse to respond to any Interrogatory on the grounds of privilege, whether attorney/client or otherwise, please provide the following information:

1. The reason for assertion of privilege, work product, or other grounds for non-disclosure.

2. A statement of the basis for the claim of privilege, work product or other grounds for non-disclosure; and

3. A description of any document responsive to the answer, including in said description the name and job title of the author, the name and job title of any person who received a copy of and/or who reviewed the document, the date of the document, its subject matter and the name, identity and job title of its current custodian.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Does the Judgment Debtor own or hold any account(s) in his name at Citigroup ?

**INTERROGATORY NO. 2:**

If you answer to Interrogatory No. 1 is in the affirmative, please state the name(s) in which the account(s) is held, the number identifying each account(s); identify each Security held in the account(s), the number of shares held in each Security, and /or the value of each Security held in any account(s) as of June 1, 2003.

**INTERROGATORY NO. 3:**

Does any other person or entity hold an account on behalf of the Judgment Debtor at Citigroup ?

**INTERROGATORY No. 4:**

If you answer to Interrogatory No. 3 is in the affirmative, please state the name(s) in which the account(s) is held, the number(s) identifying each of the account(s), identify each Security held in the account, the number of shares held in the account(s), and the value of those Securities as of June 1, 2003.

**INTERROGATORY NO. 5:**

Does Citigroup owe the Judgment Debtor any money whatsoever, directly or indirectly, conditionally or unconditionally including, but not limited to, dividends and interest coupons for Securities held in any account identified in these Interrogatories ?

**INTERROGATORY NO. 6:**

If your answer to Interrogatory No. 5 is in the affirmative, please state the nature of the debt owed to the Judgment Debtor, the date(s) on which such debt is due, and the amount(s) owed to Judgment Debtor.

**INTERROGATORY NO. 7:**

Have there been any prior claims or garnishments served or levied upon you that may affect property possessed or controlled by you but owned by Judgment Debtor?

**INTERROGATORY NO. 8:**

If your answer to Interrogatory No. 7 is in the affirmative, please state the date of service on you of each claim or garnishment, the title and number of the suit, if any, the amount then due and the balance remaining due.

**INTERROGATORY NO. 9:**

Does the Judgment Debtor owe you any money?

**INTERROGATORY NO. 10:**

If your answer to Interrogatory No. 9 is in the affirmative, please state:

a.   the date the debt was incurred;

b.   the amount of the debt;

c.   the payments made to date;

      d.     the balance due now;

      e.     the manner in which the debt is being liquidated; and

      f.     any other pertinent facts.

**INTERROGATORY NO. 11:**

Has the Judgment Debtor transferred or sold any interest(s) he owned in any Security held in any account(s) at Citigroup in the last three years ?

**INTERROGATORY NO. 12:**

If your answer to Interrogatory No. 11 is affirmative, please state the nature and date of each transaction including whether the Security was transferred or sold, the name of the party authorizing the sale or transfer of the Security; the name of the party to whom the Security was sold or transferred to if applicable; that party's last known address; please also identify the Security sold or transferred; the value of the Security at the time of the sale or transfer and the method of payment or transfer; the amount paid at the time of sale, and to whom payment was made, and how payment was made; if the payment was made by check please provide the name and account number of the payor bank; and the date of the sale and/or transfer. If a transfer of a Security was made , please also provide the certificate numbers of the reissued shares, and the institution, if known currently holding those Securities.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: _____

Brent B. Barriere, T.A. (Bar No. 2818)
Katherine Miller Determan (Bar. No. 25381)
Canal Place • Suite 2000
365 Canal Street
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Facsimile: (504) 568-9130 or 9007

**ATTORNEYS FOR JUDGMENT CREDITOR
3 EAGLES AVIATION, INC.**

<u>**US MARSHAL PLEASE SERVE:**</u>

Citigroup Global Markets, Inc. formerly known as
Salomon Smith Barney, Inc.
Through Its Agent for Service of Process
CT Corporation Systems
8550 United Plaza Blvd.
Baton Rouge, Louisiana 70809