FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 26  AM 10: 53

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WAYNE M. ROUSSEAU | * | CIVIL ACTION |
| VERSUS | * | NO: 02-0208 |
| 3 EAGLES AVIATION, INC. | * | SECTION: "R"(5) |

## RULING ON MOTIONS HELD AUGUST 17, 2005

Before the court is 3 Eagles Aviation, Inc.'s (3 Eagles) motion for contempt and sanctions. (Rec. Doc. 195) and judgment debtor, Wayne Rousseau's response thereto (Rec. Doc. 198).[1] 3 Eagles seeks an Order from the court holding Rousseau in contempt of court and directing him to pay appropriate sanctions, attorney's fees and costs for his failure to comply with the Court's Order dated October 25, 2004.[2]

---

[1] No response was filed to the motion for contempt and sanctions prior to the hearing held on this matter on August 17, 2005. However, considering counsel Harry Boyer's decision to withdraw from representing Mr. Rousseau and Mr. Rousseau's resulting pro se status, the court provided Mr. Rousseau with an opportunity to file a written response to the motion after the hearing date. Rousseau's response essentially asserts that he did not have the money to pay the assessed attorney's fees and that his former counsel, Attorney Bell, did not properly represent him in this matter. For these reasons, Rousseau claims he did not comply with the court's Order dated October 25, 2004.

[2] The Court's October 25, 2004 Order ruled against Rousseau and awarded 3 Eagles Aviation the amount of $4,985.00 in attorney's fees and costs.

3 Eagles asserts that Rousseau was served a copy of the October 25, 2004 Order[3] and was informed, at a hearing held May 18th, 2005 in a related matter before Magistrate Chasez, that his continued failure to pay the awarded attorneys fees would result in the filing by 3 Eagles of a motion for contempt and sanctions. Rousseau does not contest these assertions. Counsel for 3 Eagles cites the court to Federal Rule of Civil Procedure 70, which provides, in pertinent part:

> If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents *or to perform any other specific act* and the party fails to comply *within the time specified*, the court may ... in proper cases adjudge the party in contempt (emphasis added).

The problem with 3 Eagles claim for contempt under Rule 70 is that Rousseau was ordered to pay $4,985.00 in attorney's fees but a particular time frame for compliance was not contemplated within the court's order. "Contempt is committed when a person 'violates an order of a court requiring in *specific and definite language* that a person do or refrain from doing an act.'" *In re Baum*, 606 F.2d 592, 593 (5th Cir. 1979)(emphasis added). "The judicial contempt power is a potent weapon which should not be used if the court's order upon which the contempt was founded is vague or ambiguous." *Id.*, citing *International Longshoreman's Association v. Philadelphia Marine Trade Association*, 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967). "Thus, the court's order must set forth in specific detail an unequivocal command." *Id*, citing. *H. K. Porter Co., Inc. v. National Friction Products Corp.*, 568 F.2d 24, 27 (7th Cir. 1977).

---

[3] 3 Eagles refers to the court's Order as being dated October 26, 2004. The court uses the date the order was signed rather than entered, which is October 25, 2004.

In its October 1, 2003 motion for award of attorney's fees and costs, 3 Eagles made the following prayer for relief: "Wherefore, 3 Eagles respectfully requests that this Court enter an Order (i) granting to 3 Eagles attorney's fees and costs in the amount of $4,935.00 (reserving its rights to apply to the Court for future fees); (ii)directing Wayne Rousseau to pay to 3 Eagles upon entry of this order attorney's fees in the amount of $4,885.00; (iii) taxing costs in the amount of $50.00 against Mr. Rousseau; and (iv) to incorporate by reference the amount of the award of attorneys's fees and costs into the Judgment entered in this matter".[4] This court's Order of October 25, 2004 stated, "IT IS ORDERED that 3 Eagles Aviation is awarded $4,985.00 in attorney's fees and costs." Thus, although 3 Eagles asked that Rousseau be ordered to pay "upon entry of this order", no specific deadline was requested nor did the Court incorporate a deadline or specific time frame for compliance within its Order.

Therefore, based upon the lack of specificity in the October 25, 2004 Order, 3 Eagles request for contempt, sanctions, fees and costs is hereby DENIED.

However, with this Order, the court hereby modifies its October 25, 2004 Order by setting a date certain for payment.

Accordingly,

IT IS HEREBY ORDERED that 3 Eagles Aviation, Inc's motion for contempt and sanctions (Rec. Doc. 195) is hereby DENIED.

---

[4]See Rec. Doc. 185 at p. 2.

3

IT IS FURTHER ORDERED that Wayne Rousseau pay to 3 Eagles Aviation, Inc. the amount of $4,985.00, in accordance with this Court's Order dated October 25, 2004, by no later than March 28, 2006.[5]

New Orleans, Louisiana this 26th day of January, 2006.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO SERVE:**
**Attorney Katherine Determan**
**and**
**Wayne Rousseau, (pro se)**
**4317 Wichita**
**Metairie, LA  70001**

---

[5] The court notes, however, that if Rousseau is unable to pay the $4,985.00 by the stated date *and so notifies counsel and the court in writing*, counsel for 3 Eagles must satisfy the court that Rousseau has assets to pay the October 25, 2004 judgment before a motion for contempt will be actionable. 3 Eagles Aviation, Inc. may file a motion for judgment debtor examination with the undersigned if necessary to make such a determination.

4